

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| JULIAN ORTEGA, PRO SE, § | | |
| TDCJ-CID No. 1287545, § | | |
| Previous TDCJ-CID No. 1088799, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | 2:08-CV-101 | |
| § | | |
| HERMAN WESTON, Unit Warden, § | | |
| GERALD DAVIS, Asst. Warden, § | | |
| NELDA BEUHLAR, Unit Grievance Personal, § | | |
| and TDCJ-ID, TDCJ-ID CO's staff, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JULIAN ORTEGA, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his May 5, 2008 Complaint, plaintiff challenges two disciplinary cases and asks that the Court review them, as well as several grievances, and make a more accurate and just decision in each. By his September 8, 2008 Submission of Court Ordered Documents, plaintiff presents a step 2 grievance in relation to one of the disciplinary cases he challenges by way of his Complaint. Plaintiff also presents a step 1 grievance regarding a third disciplinary case, case #20070280823, in which the punishment consisted of a reduction of class status.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff has not informed the Court whether any one or more of the challenged disciplinary cases resulted in a loss of goodtime.

As to #20070280823, in which the punishment consisted of a reduction of class status, and any other challenged disciplinary case which did not result in a reduction of goodtime, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). The effect on the duration of plaintiff's sentence that a reduction in class has upon his ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Thus, plaintiff has no federally protected due process interest in connection with disciplinary cases which did not result in a loss of goodtime. Plaintiff's claim concerning such disciplinary cases lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

 Plaintiff cannot assert any cognizable claim under section 1983 with respect to cases involving confiscated goodtime credits until the relevant disciplinary determinations have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Plaintiff's request for a more just determination of his disciplinary cases after review by the Court indicates he has not received the prerequisite favorable outcome by appeal through the grievance process or a federal habeas action. Such claims must be dismissed with prejudice to being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Assuming one or more of the remaining challenged disciplinary cases resulted in a loss of goodtime, any implicit request for relief in the form of an order expunging one or more of plaintiff's disciplinary cases from his record and restoring confiscated goodtime credits must be pursued through a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

As to plaintiff's claim requesting judicial review and a more just determination of his grievances, the Court construes this to be a claim that prison officials did not adequately investigate or satisfactorily resolve his grievances. Plaintiff has no federally protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against the named or proposed defendants[3] concerning his grievances lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JULIAN ORTEGA is DISMISSED WITH

---

[3] The Court notes plaintiff has attempted to expand the list of defendants to include some whose only act or omission appears to have been that they responded to his Grievances.

PREJUDICE AS FRIVOLOUS and WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 29th day of September, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE